

300001368

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2022 SEP 26  PM 1:45

DEPUTY CLERK_____ mb

| | | |
|---|---|---|
| LUCAS HORTON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | 3-22CV2131-S |
| EVERYTHING BREAKS INC, | § | |
| Defendant | § | |

Plaintiff Lucas Horton ("Plaintiff") brings this Complaint against Everything breaks, INC ("Defendant") for three reasons. First is the practice of making telephone solicitations to consumers without the required registration certificate to do so. Second is the Defendant's practice of placing telemarketing calls placed to consumers on the National Do Not Call List using an ATDS. Third is to obtain damages and other redress caused by Defendant's conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief.

## PARTIES

Plaintiff is an individual who resides in Dallas County, Texas and was in Dallas County for all calls in this case. Defendant is a corporation organized and existing under the laws of the State of Texas whose primary place of business and corporate headquarters is located at 3100 McKinnon St, Ste 440, Dallas, TX 75201. Defendant's Registered Agent is United Corporate Services, INC and can be served at 815 Brazos St, Ste 500, Austin, TX 78701.

## JURISDICTION & VENUE

The Court has subject matter jurisdiction under 28 U.S.C § 1331, because the case arises under the Telephone Consumer Protections Act, 47 U.S.C. § 227. This court has supplemental subject matter jurisdiction over Plaintiff's claims arising under both Texas Business & Commerce Codes 305.053 ("Tx 305")

and 302.101 ("Tx 302") because the claim arises from the same group of calls Defendant made to Plaintiff.

Plaintiff also makes a claim under § 64.1200(d). This Court has general personal jurisdiction over the defendant because they are headquartered in Texas, have repeatedly placed calls to Texas residents, derive revenue from Texas residents, and they sell goods and services to Texas residents, including the Plaintiff. Defendant is also based in this District. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(l)(2) because a substantial part of the events giving rise to the claims - the calls and sale of goods and services directed at Texas residents, including the Plaintiff - occurred in this District and because the Plaintiff resides in this district.

**FACTS**

1. Tx 305 has an analogous portion that is related to the TCPA and WAS violated in this case. It makes it illegal to call a mobile phone for the purposes of solicitation if the caller knows, or should know, that the number called is a cell phone. It states that " (a) A person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication for: $500 for each violation; or... If the court finds that the defendant committed the violation knowingly or intentionally, the court may increase the amount of the award of damages under Subsection (b) to not more than the greater of: $1,500 for each violation;".

2. It is a violation of Section 227(c) to make or transmit a telephone solicitation to any person who is a subscriber to the do not call registry. 47 U.S.C. 227(c)(3)(F). Individuals have a private right to action "to recover for actual monetary loss from such a violation, or to receive up to $500 in

    damages for each such violation, whichever is greater . . . ." 47 U.S.C. 227(c)(5)(B). If the Court finds that the defendant's violation was committed willfully or knowingly, the Court may treble plaintiffs award. 47 U.S.C. 227(c) (5).

3. Plaintiff has been on the National DNC list since June 2020.

4. 47 U.S.C. § 227(b)(1)(A) states that, "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system.

5. 47 CFR 64.1200(d)(2) requires that Defendant train their personnel engaged in telemarketing on the written policy and the existence of the Do Not Call Policy. The internal DNC policy should be available on demand.

6. The TCPA provides a provides multiple private rights of action to persons who receive calls in violation of § 227 (c) or a regulation promulgated thereunder 47 U.S.C. f 227(c)(5).

7. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.,* that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

8. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prof. Act of 1991,* 27 FCC Red. 1830, 1844, 33 (2012) (footnote and internal quotation marks omitted).

FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Red. 12391, 12397 ,S 13 (1995).

9. The FCC confirmed this principle in 2013, when it explained that "a seller ... may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Red. 6574, 6574, 1 (2013).

10. A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g., Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408,415 - 16 (D. Md. 2011) ("*G an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

11. Under the Tx 302, a seller may not make a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made.

12. A person makes a telephone solicitation if the person effects or attempts to effect a telephone solicitation, including a solicitation initiated by an automatic dialing machine or a recorded message device. Tex. Bus. & Commerce Code § 302.002.

13. The Plaintiff may seek damages under Texas law for violations of the TX 302 of up to $5000 per

violation, reasonable costs of prosecuting the action, court costs, investigation costs, deposition expenses, witness fees, and attorney fees.

14. Plaintiff is the owner and customary user of a cellphone number ending in 0625.

15. At no time did Plaintiff ever provide his cellphone number to Defendant or provide Defendant, or any of Defendant's agents or contractors, with any kind of written or verbal prior express consent to call.

16. Prior to receiving the above-referenced calls, Plaintiff had no relationship with Defendant, had never provided his telephone number directly to Defendant, and had never requested that Defendant place calls to him or to offer him any products or services.

17. Plaintiff was called by 469-642-0719 on 8/4/2022, 940-253-4548 on 8/10/2022, 940-233-7714 on 8/11/2022, 469-341-3012 pm 8/17, 2022, 469-703-7234  8/26/2022, 469-399-6722 on 8/29/2022, 469-469-361-0448 on 9/15/2022, and by 469-370-2104 on 9/15/2022 as well.  On the second call received on 9/15/2022, Plaintiff purchased an auto warranty with contract number EBTL0026173 to identify who was actually behind the calls.

18. A truthful discovery by the Defend would undoubtedly reveal additional calls as the Plaintiff doesn't answer the phone very often unless it is a contact in hos phone.

19. All of these calls used spoofed caller ID numbers with Texas area codes.

20. Each call began with a beep signifying an ATDS was used, then a caller came on the line a few seconds later saying they were calling from dealer or vehicle services and that the factory warranty on the Plaintiff's car was expired or about to expire.

**FACTUAL ALLEGATIONS**

21.  Defendant and/or its proxies place unwanted telemarketing calls to solicit consumers to purchase auto warranties.

22. All of the calls at issue were made by, on behalf of, for the benefit of, and with the knowledge and with the approval of the Defendant.

23. Rather than adhere to the requisite rules regarding obtaining consent prior to engaging in telemarketing and abstaining from the use of pre-recorded messages, Defendant (or a third-party acting on their behalf and for their benefit) repeatedly place calls to consumers who have never provided consent (either orally or in writing) to receive such calls. By placing the calls without first obtaining prior express written consent with pre-recorded messages, Defendant plainly violates the 47 U.S.C. § 227, *et seq,* Tx 305 and Tx 302.

24. By making unauthorized telemarketing calls, Defendant has caused the Plaintiff actual harm. This includes loss of productivity, the aggravation, nuisance and invasions of privacy that result from the receipt of such calls. This is in addition to the wear and tear on his telephone, consumption of battery life, lost ability to place outgoing calls or texts and other interruption in use, cellular minutes, loss of value realized for the monies he paid to his carrier for the receipt of such calls, and other diminished use, enjoyment, value, and utility of their cellphones and cellphone plans. Robocalls take actual time to deal with and lost time is a real injury. Not only is this annoying, but many times, these calls are at the expense of the Plaintiff's productivity at work.

25. Furthermore, Defendant (or a third-party acting on their behalf and for their benefit) made the calls knowing that the calls trespassed against and interfered with Plaintiff's use and enjoyment of, the ability to access his telephone, including the related data, software, applications, and hardware components. As such, Defendant not only invaded the personal privacy of Plaintiff, they also intentionally, repeatedly, and willfully violated the TCPA.

26. In response to Defendant's unlawful conduct, Plaintiff files the lawsuit and seeks an injunction requiring Defendant and its proxies to cease all unsolicited telephone calling activities to consumers as complained of herein and an award of statutory damages to the Plaintiff, together with costs, and pre- and post-judgment interest.

### FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227(b)(1)(A)
### Telephone Consumer Protection Act

Plaintiff incorporates the foregoing allegations as if fully set forth herein. Using an ATDS, the Defendant, or its proxy, called the Plaintiff without the Plaintiff's consent, knowledge, and for its benefit without having any consent to do so from the Plaintiff. The calls were made for the express purpose of selling auto warranties. As a result of the damages suffered by the Plaintiff, he is entitled to recover $500 per call in a civil fine for the offense. However, in light of Defendant's willful nature of the offense , treble damages of $1500 are more than appropriate under 47 U.S.C. § 227(b)(3)(C) for willful and/or knowing conduct.

### SECOND CAUSE OF ACTION
### Violation of 47 U.S.C.. § 227(c)(3)(F)
### Telephone Consumer Protection Act

Plaintiff incorporates the foregoing allegations as if fully set forth herein. The Plaintiff has been on the National Do Not Call List Since December of 2011 because he does not want to be called or texted by entities who do not have his permission. As a result of the damages suffered by the Plaintiff, he is entitled to recover $500 in a civil fine for each offense under 227(c)(3)(5)(B). However, in light of Defendant's willful nature of the offense, treble damages of $1500 are more than appropriate.

### THIRD CAUSE OF ACTION
### Violation of § 64.1200(d)(1)
### Failure to Maintain Written Telemarketing Policy

Plaintiff incorporates the foregoing allegations as if fully set forth herein. 47 CFR 64.1200(d)(1)

requires that the Defendant have a written telemarketing policy. Defendant does not and obviously does not think the TCPA applies to them. Plaintiff is entitled to an award of at least $500 in damages for each such violation under 47 U.S.C. § 227(c)(5)(B). However, in light of the willful behavior shown by the Defendant, as well as the nature of the offense, treble damages of $1500 are more than appropriate.

### FOURTH CAUSE OF ACTION
### Violation of Tx 305
### Texas State TCPA Law

Defendant made numerous non-emergency telemarketing robocalls to Plaintiff's phone without his prior express consent in violation of 47 U.S.C. 227 et seq. Defendant violated 47 U.S.C. 227(d), 47 U.S.C. 227(d)(3), and 47 U.S.C. 227(e) by using an ATDS that does not comply with the technical or procedural requirements under this subsection. The Tx 305 creates a private right of action for "a person who receives a communication that violates U.S.C. Section 227 [or] a regulation adopted under that provision ... against the person who originates the communication ...." Tex. Bus. & Com. Code § 305.053(a). Therefore, the elements of a Tx 305 claim "correspond to the necessary elements for a TCPA claim." *Callier v. GreenSky, Inc.*, No. EP-20-CV-00304-KC, 2021 U.S. Dist. LEXIS 126769, 2021 WL 2688622, at *6 (W.D. Tex. May 10, 2021). Plaintiff is entitled to an award of $500 in damages for each violation under § 305.053(b)(1). Plaintiff also requests the Court award treble damages of $1500 based on Defendant's knowing and/or intentional violations under §305.053(c)(1) and their proven and willful disregard for the TCPA. Plaintiff also seeks a permanent injunction requiring Defendant to cease placing illegal telemarketing calls.

### FIFTH CAUSE OF ACTION
### Violation of 47 CFR § 64.1200(d)(4)
### Failure to Provide Identifying Information

Plaintiff incorporates the foregoing allegations as if fully set forth herein. 47 CFR 64.1200(d)(4)

requires that Defendant provides the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. Defendant did not fulfill this requirement, which was why the Plaintiff had to purchase the policy to identify who was behind the calls. Plaintiff is entitled to an award of $500-1500 in damages for each violation. 47 U.S.C. § 227(c)(5)(B). Plaintiff seeks treble damages of $1500 per call as the Defendant has displayed willful behavior in its TCPA violations. Plaintiff also seeks a permanent injunction requiring Defendant to provide their identifying information when making telemarketing calls.

## SIXTH CAUSE OF ACTION
### Violation of § 64.1200(d)
### Telemarketing without mandated safeguards

Plaintiff incorporates the foregoing allegations as if fully set forth herein. The foregoing acts and omissions by Defendant and/or its affiliates or agents constitute multiple violations of FCC regulations by making telemarketing solicitations despite lacking:

a.  Written policy, available on demand, for maintaining a do not call list, in violation of 47 C.F.R § 64.1200(d)(1),

b.  Training for individuals involved in the telemarketing on the existence and use of a do not call list in violation of C.F.R § 64.1200(d)(2).

c.  In the solicitations made to the Plaintiff, the name of the individual caller and the name of the person or entity on whose behalf the call is being made, in violation of C.F.R § 64.1200(d)(4). Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B). However, in light of Defendant's willful behavior and the nature of the offense, treble damages of $1500 are more than appropriate.

## SEVENTH CAUSE OF ACTION
### Violation of TX 302

### Telemarketing without mandated business license

Plaintiff incorporates the foregoing allegations as if fully set forth herein. Tx 302 prohibits sellers from engaging in telephone solicitations from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made. It also provides that a person who violates this chapter is subject to a civil penalty of no more than $5000 per violation. Furthermore, it provides that the party bringing the action is entitled to recover all reasonable costs of prosecuting the action, including court costs, investigative costs, deposition expenses, witness and attorney fees.

### Prayer For Relief

WHEREFORE, Plaintiff Lucas Horton prays for judgment against the Defendant as follows:

A.  An injunction enjoining the Defendant and their affiliates from engaging in the unlawful conduct set herein;

B.  An award of $1500 per call for Causes of action 1-6 for the 8 calls received by the Plaintiff.

C.  An award of $5000 per call (8) for the 7th cause of action, plus additional damages for time spent in lieu of the Plaintiff hiring an attorney.

D.  An award of damages to the Plaintiff, as allowed by under the TCPA.

E.  An award to the Plaintiff of interest, costs and attorney's fees, as allowed by law and equity: and

F.  Such further relief as the Court deems necessary, just, and proper.

### Demand For Jury Trial

Please take notice that the Plaintiff demands a jury trial in this case

Dated: 9/21/2022            Respectfully submitted,

_/s/ Lucas Horton_

_____

Lucas Horton
lukeduke365@yahoo.com
1202 Stratford Dr
Richardson, TX 75080
Tel: (214) 909-3341

JS 44 (Rev. 10/20) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Lucas Horton

**DEFENDANTS**
Everything Breaks, Inc

**(b)** County of Residence of First Listed Plaintiff: Dallas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Dallas
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lucas Horton, pro se litigant
1202 Stratford Dr, Richardson, Tx 75080  214 909 3341

Attorneys *(If Known)*

RECEIVED SEP 26 2022 mb
CLERK U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 740 Railway Labor Act | **SOCIAL SECURITY** | [x] 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | | | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education | 550 Civil Rights | 465 Other Immigration Actions | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. § 227
Brief description of cause:
TCPA violations of making calls with an ATDS to a consumer on the DNC list

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 112,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

**DATE** 9/22/2022

**SIGNATURE OF ATTORNEY OF RECORD**
Lucas Horton, pro se plantiff

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____